IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MOLLY HARVEY,                                                              Civ. No. 07-1806

       Plaintiff,                                 OPINION AND ORDER

   v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

       Defendant.

---

Rory Linerud
P.O. Box 1105
Salem, OR  97308
    Attorney for plaintiff

Karen J. Immergut
United States Attorney
District of Oregon
Britannia I. Hobbs
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204-2902

1 - OPINION AND ORDER

David Burdett
Special Assistant U.S. Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 901
Seattle, Washington 98104-7075
     Attorneys for defendant

AIKEN, Judge:

Plaintiff seeks judicial review of the Social Security Commissioner's final decision denying her application for supplemental security income (SSI) benefits under Title XVI of the Social Security Act (the Act). This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c). The Commissioner's decision is affirmed.

## BACKGROUND

On June 18, 2003, plaintiff protectively filed an application for SSI benefits, alleging disability as of March 26, 2003. Tr. 17, 63-64. Plaintiff's application was denied initially and on reconsideration. Tr. 43-49. After timely requesting a hearing, plaintiff testified before an administrative law judge (ALJ) on March 2, 2006. Tr. 379-413. On July 22, 2006, the ALJ issued a decision finding plaintiff disabled within the meaning of the Act as of June 9, 2006. Tr. 13-27. Plaintiff maintains that she has been disabled since her alleged onset date of March 26, 2003 and requested review by the Appeals Council. On October 5, 2007, the Appeals Council denied plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. Tr. 7-9. Plaintiff now seeks judicial review.

2 - OPINION AND ORDER

Plaintiff was forty-nine years old at the time of the ALJ's decision, with a high school education and no past relevant work. Tr. 25. Plaintiff seeks SSI benefits for the closed period between March 26, 2003 and June 9, 2006, alleging disability due to fibromyalgia, osteoarthritis, diabetes, bilateral feet neuropathy, panic attacks, and depression. Tr. 67, 121, 382, 384, 389.

## STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the [Commissioner]'s conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982).

## DISABILITY ANALYSIS

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th

Cir. 1986). To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months . . . ."  42 U.S.C. § 423(d)(1)(A).

The ALJ evaluated plaintiff's allegation of disability pursuant to the relevant five-step sequential process. See Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. § 416.920. At step one, the ALJ found that plaintiff had not engaged in "substantial gainful activity" during the period of alleged disability. Tr. 18; 20 C.F.R. § 416.920(b).

At steps two and three, the ALJ found that plaintiff suffered from "severe" impairments of morbid obesity, status post-gastric bypass and hernia requiring surgery, osteoarthritis of the right knee, fibromyalgia, diabetes mellitus with neuropathic foot pain, chronic pain syndrome, depression, and panic or anxiety, but that plaintiff's impairments did not meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude gainful activity."  Tr. 18; 20 C.F.R. § 416.920(c),(d).

At step four, the Commissioner evaluated plaintiff's residual functional capacity (RFC) and found that plaintiff retained the RFC to perform a limited range of sedentary work. Tr. 18. Specifically, the ALJ found that plaintiff could walk or stand for

up to two hours and sit for up to six hours in an eight-hour workday, lift ten pounds, and occasionally climb, kneel, or crawl. Tr. 18, 24. The ALJ also found that plaintiff was unable to consistently follow detailed instructions or interact appropriately with the public. Tr. 18, 25. The ALJ further found that plaintiff had no past relevant work. Tr. 26; 20 C.F.R. § 416.920(e).

The inquiry proceeded to step five, where the Commissioner must establish that the claimant is capable of performing other work that exists in significant numbers in the national economy. Yuckert, 482 U.S. at 141-42; 20 C.F.R. §, 416.920(f). The ALJ noted that plaintiff would turn fifty years old on December 9, 2006, rendering her within the "closely approaching advanced age" category. In accordance with the principle that age categories should not be mechanically applied, the ALJ found plaintiff to be "closely approaching advanced age" as of June 9, 2006. Tr. 25.

Relying on the testimony of the VE, the ALJ found that plaintiff was able to perform other work until June 9, 2006, after which time plaintiff's age category rendered her presumptively disabled under the Medical-Vocational guidelines. Tr. 26. Therefore, the ALJ found plaintiff disabled as of June 9, 2006. Plaintiff challenges the ALJ's finding at step five for the closed period between March 26, 2003 and June 9, 2006.

## DISCUSSION

Plaintiff claims that the ALJ erred in assessing her RFC.

5 - OPINION AND ORDER

Specifically, plaintiff argues that the ALJ improperly relied on the opinion of a non-examining physician who assessed plaintiff's limitations without consideration of plaintiff's fibromyalgia diagnosis and failed to develop the record with respect to plaintiff's mental limitations. I disagree.

Although the ALJ adopted the functional assessment rendered by Dr. Sharon Eder, a non-examining physician, the ALJ discussed all of the relevant medical evidence of record, including medical reports issued after plaintiff's diagnosis of fibromyalgia in 2004. For example, the ALJ discussed extensively the medical reports or Drs. Pylman, Glassman, and Santibanez, all of whom treated plaintiff from 2004 through 2006. Tr. 20-25. Notably, plaintiff fails to cite medical evidence or a physician's opinion that imposes limitations on plaintiff's ability to work based on her diagnosis of fibromyalgia. Instead, plaintiff relies upon her subjective complaints of pain in arguing that she is disabled.

However, the ALJ found plaintiff's credibility "diminished" as a result of her misuse of narcotics and her repeated failure to follow the recommendations of her treating physicians to increase her physical activity and decrease her use of narcotic pain medication. Tr. 20-24, 167, 238, 247-48, 258-62, 263, 269, 273, 278-80, 296-97, 368-69; Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599-600 (9th Cir. 1999). In making his findings, the ALJ also noted plaintiff's complaints to physicians and her reports of

6 - OPINION AND ORDER

daily activities, which included walking, painting her house, and attempting to start a small business. Tr. 23, 24, 146-47, 263, 271, 294. In sum, I find that the ALJ's reasons for discounting plaintiff's subjective, complaints are clear, convincing, and supported by evidence in the record. Thomas v. Barnhart, 278 F.3d 947, 958 (9th Cir. 2002); Smolen v. Chater, 80 F.3d 1273, 1283-84 (9th Cir. 1996).

To the extent that the ALJ discounted the opinion of physicians who expressed reservations regarding plaintiff's ability to work due to her obesity and use of medications, the ALJ found that such opinions were not supported by treatment records and conflicted with the opinions of other treating physicians who found plaintiff's condition improved. Tr. 24-25; Thomas, 278 F.3d at 957 ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings."); see also Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005); Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1996). The ALJ accurately found that plaintiff's exams generally were within normal limits and that no physician's treatment notes reflected functional limitations. Tr. 24, 233, 243-44, 245, 280, 282-83, 293-95, 371; Osenbrock v. Apfel, 240 F.3d 1157, 1163-65 (9th Cir. 2001) (an ALJ may reject restrictions that are not supported by substantial evidence).

Plaintiff also argues that the ALJ failed to develop the

record with regard to her alleged mental limitations, and that the ALJ improperly relied on a non-medical source in finding that plaintiff was limited in her ability to follow directions and interact with the public. In making such findings, the ALJ relied on plaintiff's sessions with Ms. Lee, a nurse practitioner, and Dr. Eckstein, an examining psychologist, neither of whom imposed functional limitations that exceeded the ALJ's findings. Tr. 24-25, 303-16, 361-62. Further, the ALJ noted that one of plaintiff's treating physicians attributed her panic attacks to the stress involved in starting a new business. Tr. 21, 24. Therefore, I find no error in the ALJ's development of the record.

In sum, the ALJ's findings or his RFC assessment are based on legally sufficient reasons.

## CONCLUSION

Substantial evidence in the record supports the ALJ's conclusion that plaintiff was not disabled under the Act prior to June 9, 2006. Accordingly, the decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED.

Dated this __10__ day of November, 2008.

                                        /s/ Ann Aiken
                                           Ann Aiken
                         United States District Judge